**ASSOCIATED CONSUMERS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 81–9–01162.**

United States Court of
International Trade.

April 13, 1983.

Glad, White & Ferguson, Los Angeles, Cal. (Edward N. Glad, Los Angeles, Cal., at the trial and on briefs), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, New York City (Susan Handler-Menahem, New York City, at the trial and on briefs), for defendant.

Lackenbach, Siegel, Marzullo, Presta & Aronson, Scarsdale, N.Y. (James E. Siegel and Nancy Dwyer Chapman, Scarsdale, N.Y., on the brief), for amicus curiae.

1. Item 648.97, TSUS, as modified by Proclamation NO. 4707:
   "648.97  Pipe tools (except cutters), wrenches, and spanners, and parts thereof _____ 10.8% ad val"

2. A Item 648.85, TSUS:
   "Pliers, nippers, and pincers, and hinged tools for holding and splicing wire, and parts of the foregoing:
   *    *    *    *    *    *

WATSON, Judge:

This case involves the classification of imported merchandise described as "Vise Grips" on the invoice. The merchandise was classified as wrenches under Item 648.-97[1] of the Tariff Schedules of the United States (TSUS) and assessed with duty at the rate of 10.8 percent *ad valorem*. Plaintiff contends that the merchandise should be classified as pliers under Item 648.85 TSUS,[2] or alternatively, as clamps under Item 649.37 TSUS.[3] Under either one of plaintiff's claimed classifications, the items would be entitled to duty free treatment under the Generalized System of Preferences.

The Court finds that the plaintiff has failed to establish by a preponderance of the evidence that the classification by the Customs Service was erroneous and that its own claim is correct.

In this case it is necessary to ascertain the common meanings of the tariff provisions in question and analyze this tool in their light. *E. Green and Son v. United States,* 59 CCPA 31, C.A.D. 1032, 450 F.2d 1396 (1971). In making its determination of common meaning, the Court has reviewed the case law, examined dictionaries[4] and evaluated the testimony of the witnesses. *See: Schott Optical Glass, Inc. v. United States,* 67 CCPA 32, C.A.D. 1239, 612 F.2d 1283 (1979). The crucial identifying characteristic of a wrench, which emerges from these sources, is its special ability to fixedly grasp an object and allow the user to exert a twisting or wrenching force. *See: Albert F. Maurer Co. v. United States,* 43 CCPA 90, C.A.D. 613 (1956); *United States v. Ritter Carlton Co.,* 30 CCPA 208, C.A.D. 234 (1943).

A Item 648.85  Other (except parts)  . . . . . Free"

3. A Item 639.37, TSUS:
   "A Item 649.37 Vises and clamps (except parts of, or accessories for, machine tools . . . . . . Free"

4. *Audel's New Mechanical Dictionary for Technical Trades* (1960); *Webster's Third New International Dictionary* (1963).

On the other hand, pliers are tools of a more generally manipulative nature, not specifically designed to exert a twisting force. They are usually described as pincers, whose grasp is dependent upon hand pressure, and whose jaws are adapted to handling small objects and bending or shaping wire.

This imported tool does have a superficial resemblance to pliers, in that it possesses two handles. But the presence of two handles is not inconsistent with classification as wrenches, *United States v. Ritter Carlton Co., supra.* The most significant fact in evidence is that the tool is designed to lock its jaws in position in order to maximize wrenching power. An adjustment screw on one handle allows the jaws to be closed to the approximate size of an object, and the complex levering action of the other handle locks the jaws onto the object with great pressure. This dominant feature allows the user to concentrate muscular force completely on a wrenching movement.

The Court concludes that the possible plier uses of this tool for such tasks as bending wire or manipulating small objects are insignificant.

Plaintiff did not pursue its claimed alternative classification of this tool as a clamp and it is clear that any clamping action is part of its function as a wrench.

The plaintiff has failed to establish by a preponderance of the evidence that this tool possesses an independent and significant function which is inconsistent with its classification as a wrench. The unlimited *eo nomine* provision for wrenches includes these articles. *Nootka Packing Co. v. United States,* 22 CCPA 464, T.D. 47464 (1935).

For these reasons, the correct classification of these articles is as wrenches under Item 648.97 TSUS, dutiable at the rate of 10.8 percent *ad valorem.*

Judgment will enter accordingly.

JUDGMENT

That plaintiff's claims are DENIED.